IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY SUMMERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CV-28-JHP ) |
| TOWN OF KEOTA, OKLAHOMA, ex. rel. VICKIE REED, Town Clerk, DOYE DUNKIN, JERRY TURNER, ALAN CAMPBELL, TINA CAREY, JIMMY SEYLER, and ARTHUR WARD, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. No. 18) and Defendants' Response (Doc. No. 20). For the reasons detailed below, Plaintiff's Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiff Gary Summers originally filed this action in the District Court of Haskell County, Oklahoma, on December 18, 2015, asserting claims against the Town of Keota, Oklahoma, members of its Town Board of Trustees, and members of its police force (Doc. No. 3-2). In his Petition, Plaintiff asserts four counts against the defendants, which Plaintiff brings pursuant to the Oklahoma Governmental Tort Claims Act, 51 OKLA. STAT. §§ 151 *et seq.* and the Oklahoma Open Meeting Act, 25 OKLA. STAT. §§ 301 *et seq.* (*Id.* ¶ 5). Plaintiff alleges he was employed as a police officer and active Chief by the Town of Keota. (*Id.* ¶ 7). In the First Cause of Action, Plaintiff alleges the defendants met at various times in 2014 and 2015 in violation of the Open Meeting Act in an attempt to fire him, and Plaintiff was terminated on April 23, 2015. (Id. ¶¶ 8-9). In the Second Cause of Action, Plaintiff alleges (1) he was terminated from his

1

employment without due process, and (2) his right to freedom of speech was violated when he was allowed to discuss his alleged wrongdoing only after his termination. (*Id.* ¶¶ 10-12). In the Third Cause of Action, Plaintiff alleges he suffered retaliatory discharge when he reported a concern about missing funds and engaged in "protected whistleblowing concerning the work place." (*Id.* ¶ 16). In the Fourth Cause of Action, Plaintiff alleges the defendants slandered him, and he has been unable to obtain employment at any other police department because of the damage to his reputation, which denies Plaintiff his liberty interest in pursuing his chosen career. (*Id.* ¶¶ 17-22).

On January 22, 2016, Defendants removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446. (Doc. No. 3). Defendants assert this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Second Cause of Action raises a claim for deprivation of due process rights and violation of Plaintiff's right to freedom of speech, and the Fourth Cause of Action raises a claim for violation of Plaintiff's "liberty interest." Defendants assert Plaintiff's only remedy available to him for such violations is under the federal Constitution—under the Fourteenth Amendment of the United States Constitution for violations of due process and liberty interest rights, and under the First Amendment of the United States Constitution for violation of the right to freedom of speech. Such claims are actionable under 42 U.S.C. § 1983. (*Id.*). On February 12, 2016, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending this Court lacks subject matter jurisdiction over this action. (Doc. No. 18). Defendants oppose remand. (Doc. No. 20).

**DISCUSSION**

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Generally, original jurisdiction is lacking unless "'a federal question is presented on the face of the plaintiff's properly pleaded complaint'" or there is diversity of citizenship. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §§ 1331 and 1332. A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). If the federal district court lacks jurisdiction over the removed case, it must remand the case to the state court. 28 U.S.C. § 1447(c).

In this instance, Defendants contend jurisdiction lies in this Court pursuant to the federal question statute, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants argue the Second and Fourth Causes of Action are premised on alleged constitutional violations which must arise under the First and Fourteenth Amendments to the United States Constitution. Plaintiff argues the Second and Fourth Causes of Action sound only in state law.[1]

The Court is not persuaded that Plaintiff's claims in the Second or Fourth Causes of Action raise a federal question. With respect to the Second Cause of Action, Plaintiff alleges constitutional due process and freedom of speech violations. In his Motion, Plaintiff asserts this

---

[1] Defendants do not argue that either the First or Third Cause of Action raises a federal claim.

cause of action is brought pursuant to the Oklahoma Constitution, Article 2, § 7, which provides, "No person shall be deprived of life, liberty, or property without due process of law."[2] With respect to the Fourth Cause of Action, Plaintiff alleges slander that adversely affected his liberty interests, which he asserts pursuant to OKLA. STAT. tit. 12, § 1442.

Defendant argues Plaintiff's claims for violation of due process, freedom of speech, and liberty rights cannot be asserted under the Oklahoma Constitution under the rule of *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014). In *Perry*, the Oklahoma Supreme Court held excessive force claims brought under the Oklahoma Constitution are barred where the plaintiff has a cause of action available under the Oklahoma Governmental Tort Claims Act. *Id.* at 693. Applying this principle, Defendant argues Plaintiff has available remedies under the First and Fourteenth Amendments to the United States Constitution, which bar his claim under Oklahoma law for deprivation of employment without due process, deprivation of freedom of speech, and deprivation of liberty based on slander.

It is unclear to the Court whether *Perry* would restrict Plaintiff's claims in the Second or Fourth Causes of Action. However, it is clear to the Court that Defendant's argument for federal jurisdiction fails because Plaintiff has not raised any claim pursuant to the United States Constitution. Plaintiff cites only Oklahoma law in the Petition, and asserts in his Motion to Remand that he is bringing claims under Oklahoma law. The Court will not pass judgment on the viability of such claims, but it is plain that Plaintiff brings only state-law claims and no federal question is necessarily raised. The state court can decide the legal viability of Plaintiff's state-law claims. A state court's decision pertaining to Defendant's liability for violation of

---

[2] Although Plaintiff's Motion asserts this claim is brought pursuant to "Okla. Const. art. 11, § 7" (Doc. No. 18, at 2), the Court reads this as a scrivener's error, because that provision addresses commercial and agricultural leases in trust property.

4

Oklahoma law does not necessarily draw into question federal constitutional issues.  As a result, federal-question jurisdiction does not lie.

Finally, Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied. The United States Supreme Court has stated that the standard for awarding attorney's fees "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Here, Defendants' request for removal, though denied, was objectively reasonable.  The issue of whether the Petition raises a federal claim was a legitimate and non-frivolous argument. Accordingly, an award of fees and costs is unwarranted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Doc. No. 18) is **GRANTED**. Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**IT IS SO ORDERED** this 3rd day of June, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma